**FILED & ENTERED**

**OCT 06 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** zamora    **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:23-bk-14082-WJ |
| PATRICIA ANN DOUBLET, | CHAPTER 13 |
| Debtor. | **MEMORANDUM OF DECISION REGARDING AUTOMATIC STAY MOTION** |
| | Hearing:<br>Date:    October 4, 2023<br>Time:    2:30 p.m.<br>Crtrm.:    304 |

1    On October 4, 2023 at 2:30 p.m., the Court held a hearing regarding the motion of the
2    debtor, Patricia Ann Doublet ("Debtor"), entitled "Notice of Motion and Motion In Individual Case
3    For Order Imposing A Stay or Continuing The Automatic Stay as the Court Deems Appropriate"
4    [docket #15] ("Motion"). All appearances were noted on the record. The hearing concluded on
5    October 4, 2023 and the Court took the matter under submission.

6    For the following reasons, the Court hereby denies the Motion.

## I.  JURISDICTION.

The bankruptcy court has jurisdiction over the Motion pursuant to the provisions of 28 U.S.C. §§ 157(b) and 1334(b). The Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). Venue is appropriate in this Court. 28 U.S.C. § 1409(a).

## II.  THE DEBTOR HAS NOT SATISFIED THE APPLICABLE LEGAL STANDARD.

### A.    Factual Background.

This is the sixth chapter 13 bankruptcy case filed by the Debtor. The Debtor filed the first case on January 10, 2020 (6:20-bk-10187-WJ). The Debtor was unable to satisfy all the requirements of chapter 13 and, therefore, the chapter 13 trustee requested dismissal of the case on February 5, 2020 prior to confirmation. The Debtor did not oppose the request and the Court dismissed the case the following day.

About a year later, the Debtor filed the second chapter 13 case (6:21-bk-10094-WJ) on January 11, 2021. That case also failed in chapter 13 and the Debtor filed a request to convert the case to chapter 7. The Court converted the case on June 9, 2021 and the Debtor received a chapter 7 discharge on October 9, 2021.

The following year, the Debtor filed her third chapter 13 case (6:22-bk-11243-WJ) on April 2, 2022. During that case, however, the Debtor failed to make plan payments timely. Therefore, the chapter 13 trustee filed a motion to dismiss the case which the Court granted on February 23, 2023 pursuant to a memorandum of decision.

1    The following month, the Debtor filed her fourth chapter 13 case (6:23-bk-10896-WJ) on
March 8, 2023.  That case also failed pre-confirmation and the Debtor requested dismissal of the
case on July 10, 2023.  The Court then dismissed the case the following day.

Two months later, the Debtor filed this fifth chapter 13 case.  On the same day, the
Debtor filed a duplicate chapter 13 case (6:23-bk-14083-WJ) which the clerk of the Court
dismissed.

As a result, the current chapter 13 case is deemed under the law to be a case filed in bad
faith.  The Debtor has been a debtor in four bankruptcy cases pending within the last twelve
months.  Therefore, pursuant to 11 U.S.C. § 362(c)(4)(D)(i)(I), the current case is deemed a case
"presumptively filed not in good faith" because the Debtor has been involved in "2 or more
previous cases" which were pending in the last year.  In re Ortiz, 355 B.R. 587, 594 (Bankr. S.D.
Tex. 2006) (denying a request to impose the automatic stay and holding that
section "362(c)(4)(D)(i)(I) applies and therefore the statutory presumption applies because two or
more previous bankruptcy cases were pending in which [the debtor] was a debtor within the 12
month period prior to the filing of this bankruptcy case.").

Pursuant to section 362(c)(4)(B), a court may impose the automatic stay "only if the party
in interest demonstrates that the filing of the later cases is in good faith as to the creditors to be
stayed . . . ."  As in this case, section 362(c)(4)(D) creates a statutory presumption that this case
has been filed in bad faith because of the existence of four bankruptcy cases within the last
twelve months.

**B.     Only Clear And Convincing Evidence Overcomes the Presumption of Bad Faith.**

The statute states that only "clear and convincing" evidence can overcome the
presumption of bad faith.  Under applicable caselaw, the "'clear and convincing' standard of
proof is an intermediate standard that lies between a 'preponderance of the evidence' and
'beyond a reasonable doubt.'" Ferguson, 376 B.R. at 119 (citing SmithKline Beecham Corp. v.
Apotex Corp., 2005 U.S. Dist. LEXIS 5999, 2005 WL 941671, at *7 n.21 (E.D. Pa. Mar. 31,

1  2005)).  The "clear and convincing" standard has been defined in various ways.

2  For example, in the Ellis decision, the court considered a motion by the debtor to continue the automatic stay and stated that "[c]lear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence 'so clear, direct and weighty and convincing as to enable the [fact finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.'" In re Ellis, 339 B.R. at 141-142 (citing U.S. Fire Ins. Co v. Royal Ins. Co., 759 F2d 306, 309 (3d Cir. 1985)).  The court applied this standard and concluded that the debtor had failed to satisfy it.  As a result, the court denied the debtor's motion.

3  Likewise, in the case of In re Wilson, 336 B.R. 338 (Bankr. E.D. Tenn. 2005), the bankruptcy court considered four motions to continue or impose the automatic stay.  In all four cases, the presumption of bad faith existed and the court denied all four motions.  The court stated that "[c]lear and convincing evidence may be defined as that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established." Id. at 347 (Bankr. E.D. Tenn. 2005).  The court in Wilson held that the debtors had fallen well short of this standard. Id. at 348 (stating that "none" of the automatic stay motions "provide adequate grounds to support the request that the 30-day stay be extended" and "none" of the "explanations as to why the prior cases were dismissed" were "sufficiently explained or proved.").

4  Similarly, in the Muhammad case, the court denied a motion to continue the automatic stay.  The court held that "[c]lear and convincing is a heightened evidentiary standard, meaning that [the debtor] had to prove her good faith with more than a mere preponderance of the evidence." In re Muhammad, 536 B.R. at 475.  Instead, the debtor must provide "evidence [that] 'produces in the mind of the trier of fact an abiding conviction that the truth of the factual contentions is highly probable.'" Id. (citing Ferguson).  According to the court in Muhammad, in order for the debtor "to carry her burden, [she] had to submit sufficient evidence to convince this Court that it was 'highly probable' that her case was filed in good faith." Id.  After considering the evidence provided by the debtor, the court concluded she had not demonstrated that it was

1  "highly probable" her case had been filed in good faith.

2  In re Muhammad, 536 B.R. 469, 473 (Bankr. M.D. Ala. 2015) ("The debtor has the

3  burden of proof to show that she has filed her petition in good faith."); In re Morales,

4  366 B.R. 919, 922 (Bankr. D.Neb. 2007) ("Debtor has failed to rebut the presumption that the

5  present case was not filed in good faith since Debtor has failed to present clear and convincing

6  evidence to the contrary."); In re Tate, 2016 Bankr. LEXIS 4487 *6 (Bankr. N.D. Iowa 2016) ("It

7  is debtor's burden to rebut the presumption of bad faith and show by clear and convincing

8  evidence that he filed the case in good faith."); In re Ellis, 339 B.R. 136, 141 & 144 (Bankr. E.D.

9  Pa. 2006) (denying a motion by a debtor to continue the automatic stay and stating that "[i]n

10  order to rebut the presumption applied here that the case was filed not in good faith, Debtor must

11  provide 'clear and convincing evidence' to the contrary . . . it is his burden to provide clear and

12  convincing evidence . . . ."); In re Ferguson, 376 B.R. 109, 118-119 (Bankr. E.D.Pa. 2007) ("The

13  burden of persuasion in rebutting the presumption that the case was filed 'not in good faith' and

14  the burden of persuasion in proving that the case was filed in good faith is on the Debtor."); In re

15  Dowden, 429 B.R. 894, 901-902 (Bankr. S.D. Ohio 2010) (denying a motion to impose the

16  automatic stay and stating that "the Court is troubled that the Debtors have filed two prior

17  unsuccessful bankruptcy cases, the first of which utterly failed and the second of which achieved

18  only minimal success for a short period.  Given the totality of the circumstances, the evidence

19  falls short of clear and convincing as is required to overcome the presumptions that this case was

20  not filed in good faith.  Therefore, the Court must deny the Debtors' Motion to extend the

21  automatic stay.").

22

23  **C.     The Debtor Has Not Provided Any Evidence.**

24  In this case, the Debtor has not made the necessary evidentiary showing.  The declaration

25  of the Debtor attached to the Motion does not address the prior cases at all.  The declaration of

26  the Debtor does not attempt to provide any evidence to rebut the statutory presumption of bad

27  faith.  Accordingly, in the absence of any evidence of good faith, the motion cannot be granted.

28  In re Ellis, 339 B.R. 136, 144 (Bankr. E.D. Pa. 2006) ("[T]he absence of proof of good faith

1    requires that no extension of the stay be ordered.").

### III.  CONCLUSION.

Accordingly, for the reasons stated, the Motion is hereby denied.  The Court will enter a separate order consistent with this memorandum.

IT IS SO ORDERED.

### ###

Date: October 6, 2023

Wayne Johnson
United States Bankruptcy Judge