United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 23-14082-WJ |
| Patricia Ann Doublet | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-6 | User: admin | Page 1 of 1 |
| Date Rcvd: Oct 06, 2023 | Form ID: pdf042 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 08, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Patricia Ann Doublet, 4890 Huntsmen Pl, Fontana, CA 92336-0401 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 08, 2023              Signature:       /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 6, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Benjamin Heston | on behalf of Debtor Patricia Ann Doublet bhestonecf@gmail.com benheston@recap.email,NexusBankruptcy@jubileebk.net |
| Rod Danielson (TR) | notice-efile@rodan13.com |
| United States Trustee (RS) | ustpregion16.rs.ecf@usdoj.gov |

TOTAL: 3

**FILED & ENTERED**

**OCT 06 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY zamora    DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>PATRICIA ANN DOUBLET,<br><br>　　　　Debtor. | Case No.: 6:23-bk-14082-WJ<br><br>CHAPTER 13<br><br>**MEMORANDUM OF DECISION REGARDING AUTOMATIC STAY MOTION**<br><br>Hearing:<br>Date:　　October 4, 2023<br>Time:　　2:30 p.m.<br>Crtrm.:　　304 |

- 1 -

On October 4, 2023 at 2:30 p.m., the Court held a hearing regarding the motion of the debtor, Patricia Ann Doublet ("Debtor"), entitled "Notice of Motion and Motion In Individual Case For Order Imposing A Stay or Continuing The Automatic Stay as the Court Deems Appropriate" [docket #15] ("Motion").  All appearances were noted on the record.  The hearing concluded on October 4, 2023 and the Court took the matter under submission.

For the following reasons, the Court hereby denies the Motion.

### I. JURISDICTION.

The bankruptcy court has jurisdiction over the Motion pursuant to the provisions of 28 U.S.C. §§ 157(b) and 1334(b).  The Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A).  Venue is appropriate in this Court. 28 U.S.C. § 1409(a).

### II. THE DEBTOR HAS NOT SATISFIED THE APPLICABLE LEGAL STANDARD.

**A.    Factual Background.**

This is the sixth chapter 13 bankruptcy case filed by the Debtor.  The Debtor filed the first case on January 10, 2020 (6:20-bk-10187-WJ).  The Debtor was unable to satisfy all the requirements of chapter 13 and, therefore, the chapter 13 trustee requested dismissal of the case on February 5, 2020 prior to confirmation.  The Debtor did not oppose the request and the Court dismissed the case the following day.

About a year later, the Debtor filed the second chapter 13 case (6:21-bk-10094-WJ) on January 11, 2021.  That case also failed in chapter 13 and the Debtor filed a request to convert the case to chapter 7.  The Court converted the case on June 9, 2021 and the Debtor received a chapter 7 discharge on October 9, 2021.

The following year, the Debtor filed her third chapter 13 case (6:22-bk-11243-WJ) on April 2, 2022.  During that case, however, the Debtor failed to make plan payments timely.  Therefore, the chapter 13 trustee filed a motion to dismiss the case which the Court granted on February 23, 2023 pursuant to a memorandum of decision.

1    The following month, the Debtor filed her fourth chapter 13 case (6:23-bk-10896-WJ) on
2 March 8, 2023.  That case also failed pre-confirmation and the Debtor requested dismissal of the
3 case on July 10, 2023.  The Court then dismissed the case the following day.

4    Two months later, the Debtor filed this fifth chapter 13 case.  On the same day, the
5 Debtor filed a duplicate chapter 13 case (6:23-bk-14083-WJ) which the clerk of the Court
6 dismissed.

7    As a result, the current chapter 13 case is deemed under the law to be a case filed in bad
8 faith.  The Debtor has been a debtor in four bankruptcy cases pending within the last twelve
9 months.  Therefore, pursuant to 11 U.S.C. § 362(c)(4)(D)(i)(I), the current case is deemed a case
10 "presumptively filed not in good faith" because the Debtor has been involved in "2 or more
11 previous cases" which were pending in the last year.  In re Ortiz, 355 B.R. 587, 594 (Bankr. S.D.
12 Tex. 2006) (denying a request to impose the automatic stay and holding that
13 section "362(c)(4)(D)(i)(I) applies and therefore the statutory presumption applies because two or
14 more previous bankruptcy cases were pending in which [the debtor] was a debtor within the 12
15 month period prior to the filing of this bankruptcy case.").

16    Pursuant to section 362(c)(4)(B), a court may impose the automatic stay "only if the party
17 in interest demonstrates that the filing of the later cases is in good faith as to the creditors to be
18 stayed . . . ."  As in this case, section 362(c)(4)(D) creates a statutory presumption that this case
19 has been filed in bad faith because of the existence of four bankruptcy cases within the last
20 twelve months.

21

22    **B.    Only Clear And Convincing Evidence Overcomes the Presumption of Bad**
23         **Faith.**

24    The statute states that only "clear and convincing" evidence can overcome the
25 presumption of bad faith.  Under applicable caselaw, the "'clear and convincing' standard of
26 proof is an intermediate standard that lies between a 'preponderance of the evidence' and
27 'beyond a reasonable doubt.'"  Ferguson, 376 B.R. at 119 (citing SmithKline Beecham Corp. v.
28 Apotex Corp., 2005 U.S. Dist. LEXIS 5999, 2005 WL 941671, at *7 n.21 (E.D. Pa. Mar. 31,

- 3 -

1   2005)).  The "clear and convincing" standard has been defined in various ways.

2   For example, in the <u>Ellis</u> decision, the court considered a motion by the debtor to continue

3   the automatic stay and stated that "[c]lear and convincing evidence is that weight of proof which

4   produces in the mind of the trier of fact a firm belief or conviction as to the truth of the

5   allegations sought to be established, evidence 'so clear, direct and weighty and convincing as to

6   enable the [fact finder] to come to a clear conviction, without hesitancy, of the truth of the

7   precise facts in issue.'" <u>In re Ellis</u>, 339 B.R. at 141-142 (citing <u>U.S. Fire Ins. Co v. Royal Ins.</u>

8   <u>Co.</u>, 759 F2d 306, 309 (3d Cir. 1985)).  The court applied this standard and concluded that the

9   debtor had failed to satisfy it.  As a result, the court denied the debtor's motion.

10   Likewise, in the case of <u>In re Wilson</u>, 336 B.R. 338 (Bankr. E.D. Tenn. 2005), the

11   bankruptcy court considered four motions to continue or impose the automatic stay.  In all four

12   cases, the presumption of bad faith existed and the court denied all four motions.  The court

13   stated that "[c]lear and convincing evidence may be defined as that measure or degree of proof

14   which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations

15   sought to be established." <u>Id</u>. at 347 (Bankr. E.D. Tenn. 2005).  The court in <u>Wilson</u> held that the

16   debtors had fallen well short of this standard. <u>Id</u>. at 348 (stating that "none" of the automatic stay

17   motions "provide adequate grounds to support the request that the 30-day stay be extended" and

18   "none" of the "explanations as to why the prior cases were dismissed" were "sufficiently

19   explained or proved.").

20   Similarly, in the <u>Muhammad</u> case, the court denied a motion to continue the automatic

21   stay.  The court held that "[c]lear and convincing is a heightened evidentiary standard, meaning

22   that [the debtor] had to prove her good faith with more than a mere preponderance of the

23   evidence." <u>In re Muhammad</u>, 536 B.R. at 475.  Instead, the debtor must provide "evidence [that]

24   'produces in the mind of the trier of fact an abiding conviction that the truth of the factual

25   contentions is highly probable.'" <u>Id</u>. (citing <u>Ferguson</u>).  According to the court in <u>Muhammad</u>, in

26   order for the debtor "to carry her burden, [she] had to submit sufficient evidence to convince this

27   Court that it was 'highly probable' that her case was filed in good faith." <u>Id</u>.  After considering

28   the evidence provided by the debtor, the court concluded she had not demonstrated that it was

1  "highly probable" her case had been filed in good faith.

2  In re Muhammad, 536 B.R. 469, 473 (Bankr. M.D. Ala. 2015) ("The debtor has the
3  burden of proof to show that she has filed her petition in good faith."); In re Morales,
4  366 B.R. 919, 922 (Bankr. D.Neb. 2007) ("Debtor has failed to rebut the presumption that the
5  present case was not filed in good faith since Debtor has failed to present clear and convincing
6  evidence to the contrary."); In re Tate, 2016 Bankr. LEXIS 4487 *6 (Bankr. N.D. Iowa 2016) ("It
7  is debtor's burden to rebut the presumption of bad faith and show by clear and convincing
8  evidence that he filed the case in good faith."); In re Ellis, 339 B.R. 136, 141 & 144 (Bankr. E.D.
9  Pa. 2006) (denying a motion by a debtor to continue the automatic stay and stating that "[i]n
10 order to rebut the presumption applied here that the case was filed not in good faith, Debtor must
11 provide 'clear and convincing evidence' to the contrary . . . it is his burden to provide clear and
12 convincing evidence . . . ."); In re Ferguson, 376 B.R. 109, 118-119 (Bankr. E.D.Pa. 2007) ("The
13 burden of persuasion in rebutting the presumption that the case was filed 'not in good faith' and
14 the burden of persuasion in proving that the case was filed in good faith is on the Debtor."); In re
15 Dowden, 429 B.R. 894, 901-902 (Bankr. S.D. Ohio 2010) (denying a motion to impose the
16 automatic stay and stating that "the Court is troubled that the Debtors have filed two prior
17 unsuccessful bankruptcy cases, the first of which utterly failed and the second of which achieved
18 only minimal success for a short period.  Given the totality of the circumstances, the evidence
19 falls short of clear and convincing as is required to overcome the presumptions that this case was
20 not filed in good faith.  Therefore, the Court must deny the Debtors' Motion to extend the
21 automatic stay.").

23  **C.    The Debtor Has Not Provided Any Evidence.**
24  In this case, the Debtor has not made the necessary evidentiary showing.  The declaration
25 of the Debtor attached to the Motion does not address the prior cases at all.  The declaration of
26 the Debtor does not attempt to provide any evidence to rebut the statutory presumption of bad
27 faith.  Accordingly, in the absence of any evidence of good faith, the motion cannot be granted.
28 In re Ellis, 339 B.R. 136, 144 (Bankr. E.D. Pa. 2006) ("[T]he absence of proof of good faith

- 5 -

1 | requires that no extension of the stay be ordered.").

### III. CONCLUSION.

Accordingly, for the reasons stated, the Motion is hereby denied. The Court will enter a separate order consistent with this memorandum.

IT IS SO ORDERED.

###

Date: October 6, 2023

*Wayne Johnson*
Wayne Johnson
United States Bankruptcy Judge